## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## FORT SMITH DIVISION

EQUIPSOURCE, LLC                                              **PLAINTIFF**

V.                                   **CASE NO. 2:24-CV-2086**

TIE DOWN, INC.                                              **DEFENDANT**

### OPINION AND ORDER

Before the Court is a Motion to Dismiss (Doc. 15) with accompanying Brief in Support (Doc. 16) filed by Defendant Tie Down, Inc., a Georgia corporation. Plaintiff EquipSource, LLC, a citizen of Arkansas, filed a Response in Opposition to the Motion (Doc. 17), and Tie Down filed a Reply (Doc. 20). The Motion argues that the Court should dismiss the First Amended Complaint (Doc. 11) for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). Tie Down argues that it has no contacts with Arkansas other than its business relationship with EquipSource. On November 14, 2024, the Court held a hearing on the Motion and **DENIED** it from the bench. This Order memorializes the Court's rulings; its findings control over any conflicting findings stated from the bench.

The First Amended Complaint alleges that EquipSource and Tie Down were involved in a business relationship that spanned at least a decade. Tie Down routinely ordered motors from EquipSource that were necessary components of one of Tie Down's products. EquipSource did not manufacture the motor but instead ordered it from an affiliate in China. Ordinarily, the Chinese affiliate shipped the motors directly to Tie Down in Georgia, but on a few occasions, the motors shipped to EquipSource, which would immediately forward them to Tie Down.

1

In 2020 or 2021, Tie Down ordered motors from EquipSource. However, the order was so large that Tie Down was not ready to accept delivery right away, and EquipSource agreed to store the motors in its Arkansas warehouse until Tie Down was ready to receive them. EquipSource contends that it stored the motors for approximately eighteen months, but Tie Down never issued payment or requested shipment. Finally, EquipSource filed the instant lawsuit to recover payment for the motors as well as storage costs.

According to Tie Down's Motion to Dismiss, it has "virtually no connection to the State of Arkansas" other than its business relationship with EquipSource, which consisted of ordering products and exchanging emails about purchase orders. (Doc. 16, p. 2). Tie Down has no offices, employees, or other physical presence in Arkansas; it has never sent its agents or employees to Arkansas to conduct any business; and its agents have never traveled to Arkansas to select, inspect, or pick up any goods. *Id.* Tie Down denies that it ordered the motors described in the First Amended Complaint. In fact, Tie Down accuses EquipSource of "retroactively edit[ing]" the purchase orders attached to the First Amended Complaint "to change the dates and message text." *Id.* at p. 3.

Setting the merits of the parties' dispute aside, the question presented in the Motion to Dismiss is whether the First Amended Complaint states enough facts to support a reasonable inference that Tie Down is subject to personal jurisdiction in this forum. "When personal jurisdiction is challenged by a defendant, the plaintiff bears the burden to show that jurisdiction exists." *Fastpath, Inc. v. Arbela Tech. Corp.*, 760 F.3d 816, 820 (8th Cir. 2014). "[T]he plaintiff's prima facie showing must be tested, not by the pleadings alone, but by the affidavits and exhibits presented with the motions and in opposition

thereto." *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072 (8th Cir. 2004) (internal quotation marks omitted).

"Federal courts apply the long-arm statute of the forum state to determine the existence of personal jurisdiction over the parties," subject to the dictates of due process. *Kaliannan v. Liang*, 2 F.4th 727, 733 (8th Cir. 2021) (quoting *Whaley v. Esebag*, 946 F.3d 447, 451 (8th Cir. 2020)). Arkansas's long-arm statute permits personal jurisdiction to the full extent permitted by the Fourteenth Amendment, so the due process analysis is dispositive. Ark. Code Ann. § 16-4-101; *Yanmar Co., Ltd. v. Slater*, 2012 Ark. 36, at *5 (2012). "[T]he due process analysis depends on whether personal jurisdiction is alleged to be general or specific." *Kendall Hunt Publ'g Co. v. Learning Tree Publ'g Corp.*, 74 F.4th 928, 930 (8th Cir. 2023) (quotation marks and citation omitted). Here, EquipSource does not allege any facts the Court could take into account to assert general jurisdiction over Tie Down. Only specific personal jurisdiction is at issue.

"In analyzing whether specific jurisdiction comports with due process, we must decide whether the defendant has certain minimum contacts with the forum state and whether the plaintiff['s] claims 'arise out of or relate to the defendant's contacts.'" *Kaliannan*, 2 F.4th at 733 (quoting *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021)). Minimum contacts with the forum state "are a prerequisite to the exercise of personal jurisdiction." *Walden v. Fiore*, 571 U.S. 277, 288 (2014) (citing *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). To establish minimum contacts, "[t]he defendant must have engaged in 'some act by with the defendant purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *K-V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d

3

588, 592 (8th Cir. 2011) (quoting *Burger King v. Rudzewicz*, 471 U.S. 462, 475 (1985)). Further, "[t]he contacts must be the defendant's own choice and not 'random, isolated, or fortuitous.'" *Ford*, 592 U.S. at 359 (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984)). Where a defendant "has not purposefully availed himself of the privilege of conducting activities in the forum State," courts have "no occasion to address the necessary connection between a defendant's in-state activity and the plaintiff's claims." *Ford*, 592 U.S. at 371 (cleaned up).

Specific jurisdiction is limited to cases where the plaintiff's claims "arise out of or relate to the defendant's contacts with the forum." *Ford*, 592 U.S. at 359 (quoting *Bristol-Myers Squibb Co. v. Superior Ct. of Cal.*, 582 U.S. 255, 262 (2017)). This rule "serves to narrow the class of claims over which a state court may exercise specific jurisdiction." *Id.* at 361–62. By limiting specific jurisdiction to cases where there is "an affiliation between the forum and the underlying controversy," courts protect not only out-of-state defendants but also "interstate federalism." *Id.* at 360 (quotations omitted). "The law of specific jurisdiction thus seeks to ensure that States with little legitimate interest in a suit do not encroach on States more affected by the controversy." *Id.* (cleaned up).

The Eighth Circuit has condensed the above rules into a five factor totality-of-the-circumstances test with the first three factors being of "primary importance": "(1) the nature and quality of [the defendant's] contacts with the forum state; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) convenience of the parties." *Kaliannan*, 2 F.4th at 733 (alteration in original) (quoting *Whaley*, 946 F.3d at 452). "The

4

third factor speaks to the particular question of specific jurisdiction[,]" akin to the Supreme Court's arise-out-of-or-relate-to requirement. *Whaley*, 946 F.3d at 452.

The first factor—the nature and quality of Tie Down's contacts with the forum state—seeks to differentiate random, isolated, or fortuitous contacts that do not justify the exercise of personal jurisdiction from more purposeful contacts with the forum. If Tie Down's contacts with Arkansas were truly limited to ordering motors from an Arkansas company, this would not be enough to subject it to personal jurisdiction. "Merely entering into a contract with a forum resident does not provide the requisite contacts between a [nonresident] defendant and the forum state." *Iowa Elec. Light Power Co. v. Atlas Corp.*, 603 F.2d 1301, 1303 (8th Cir. 1979), *cert. denied*, 445 U.S. 911 (1980); *see also, e.g., Mountaire Feeds, Inc. v. Agro Impex, S.A.*, 677 F.2d 651, 655 (8th Cir. 1982) ("The sales contracts between [buyer and seller] do not constitute a basis for jurisdiction [over buyer].").  "This is particularly true when all elements of the defendant's performance are to take place outside of the forum." *Iowa Elec. Light Power*, 603 F.2d at 1303–04.

However, EquipSource argues that this case is not about Tie Down's routine business relationship with EquipSource. Instead, the Amended Complaint describes a specific large purchase of motors that Tie Down agreed to store in EquipSource's Arkansas warehouse. Overall, the Court finds that facts in the First Amended Complaint describe Tie Down's purposeful availment of the forum and not a random, isolated, or fortuitous contact.  *See Papachristou v. Turbines, Inc.*, 902 F.2d 685, 687 (8th Cir. 1990) (finding that a claim arising out of a single attempted delivery of goods was enough to justify personal jurisdiction).

Turning to the second *Kaliannan* factor—the quantity of contacts—the claims here only involve one or two purchase orders. But on the other hand, the quantity of product appears to have been substantial, and the dollar value is significant—which weighs in favor of a finding of personal jurisdiction.

As for the third and most important factor, it is clear that the claims asserted by EquipSource relate directly to the products referenced in the motors that were warehoused in Arkansas. Tie Down has attached a series of emails (Doc. 16-1) to its Motion between Tie Down employee Nancy Shadrix and EquipSource employee Donna Brown. Tie Down believes these emails prove that Tie Down never ordered the motors in question and/or never asked for the motors to be stored in EquipSource's warehouse. The Court disagrees and finds the emails' meaning to be more ambiguous than Tie Down suggests. In particular, they could be interpreted to mean that Tie Down not only ordered the products in question but at least tacitly agreed to EquipSource storing them in Arkansas until Tie Down had more room to receive them. Tie Down's affidavit (Doc. 8) from its Import Purchasing Manager, Ty Beaty, is similarly unavailing because Mr. Beaty admits that he was not working for Tie Down during the timeframe pertinent to the lawsuit.[1]

In conclusion, though the personal jurisdiction question is a close call, the Court finds that the nexus between Arkansas and the claims asserted in the First Amended Complaint shows that Tie Down purposefully availed itself of this forum and had sufficient contacts with it to satisfy the requirements of due process. Accordingly, **IT IS ORDERED**

---

[1] The fourth and fifth *Kaliannan* factors are neutral and need not be discussed, given the Court's finding that the first, second, and third factors favor EquipSource's position.

that Tie Down's Motion to Dismiss (Doc. 15) is **DENIED**. Tie Down is **DIRECTED** to file

an answer to the First Amended Complaint.

    **IT IS SO ORDERED** on this __20th__ day of November, 2024.

 

 

                                            _____
                                            TIMOTHY L. BROOKS
                                            UNITED STATES DISTRICT JUDGE